Filed 8/19/24  P. v. Shoate CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083432 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD295908) |
| ANDIE SHOATE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed.

Andie Shoate, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Andie Shoate entered into a plea agreement in which he pleaded guilty to one count of carjacking (Pen. Code, § 215, subd. (a)); one count of assault with a semi-automatic firearm (§ 245, subd. (b)), and admitted the firearm enhancement under section 12022.5, subdivision (a).  The parties stipulated to a sentence of 11 years and Shoate waived the right to appeal the stipulated sentence.  The remaining charges and allegations were dismissed.

Shoate was sentenced in accordance with the plea agreement.

Shoate filed a timely notice of appeal and requested a certificate of probable cause section 1237.5. The court denied the request for a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandate by *Wende*.

We advised Shoate of his right to file his own brief on appeal. He has responded with a supplemental brief and several letters. He principally argues his appellate counsel should be replaced. His motion to replace counsel has been denied by this court. Shoate seeks to augment the record with materials not presented in the trial court. This court has also denied the request to augment the record. In addition to arguing matters not in the record, Shoate claims charging him with assault with a semi-automatic firearm and the enhancement for the use of a firearm during the carjacking violates the Double Jeopardy clause.

We have carefully reviewed Shoate's various arguments and conclude he has not raised any arguable issues for reversal on appeal based on the current record before us.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified an issue that was considered in evaluating the potential merits of this appeal: Whether the record shows Shoate was properly advised of his constitutional rights prior to pleading guilty.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Shoate on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.